UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

F.G. CROSTHWAITE, et al.,

    Plaintiffs,

    v.

APOSHIAN EXCAVATING COMPANY, INC.,

    Defendant.

Case No. 13-cv-00363-TEH

**ORDER REQUIRING SUPPLEMENTAL DECLARATION**

Plaintiffs move this Court for a default judgment and attorneys' fees. Plaintiffs operate the trust funds for the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, which include the Operating Engineers Pension Trust Fund, Operating Engineers and Participating Employers Pre-Apprentice, Apprentice, and Journeyman Affirmative Action Training Fund for Utah, Operating Engineers' Health and Welfare Trust Fund for Utah, Operating Engineers' Vacation and Holiday Pay Plan, Pensioned Operating Engineers' Health and Welfare Trust Fund (collectively, the "Funds"). These funds are organized pursuant to the provisions of Section 302(c)(5), 302(c)(6), and 302(c)(9) of the Labor Management Relations Act of 1947. 29 U.S.C. § 186(c)(5), 186(c)(6), and 186(c)(9).

On January 25, 2013, Plaintiffs filed a complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 502(g)(2)(A) and 1132(g)(2)(A), alleging that Defendant violated a collective bargaining agreement by failing to make regular and timely contributions to the Funds. Plaintiffs were unable to effect service of process on Defendant, and on September 6, 2013, the Court granted Plaintiffs' ex parte application for service by publication. At no time since the initiation of the lawsuit or after service by publication has Defendant answered the complaint. Plaintiffs now seek default judgment, including monetary damages and attorneys' fees, which Defendant has failed to oppose.

Plaintiffs have submitted the declaration of David E. Hayner as evidence of the terms of the master collective bargaining agreement and Defendant's breach of that agreement. Hayner Decl. ¶¶ 9, 12 (documenting Defendant's failure to pay into the Funds), Ex. A ("Bargaining Agreement"), Ex. B ("Trust Agreement"). The Trust Agreement provides that if contributions are delinquent, the Trust Agreement, incorporated into the Bargaining Agreement, mandates that Defendant shall pay interest and liquidated damages on the delinquent contributions. *Id.* ¶ 5. Pursuant to the terms of the Trust Agreement, liquidated damages are calculated at ten percent (10%) of the assessed funds, which are part of the delinquent contributions; however, after a lawsuit is filed, liquidated damages are calculated at a straight twenty percent (20%) of the delinquent contributions. *Id.* ¶ 6. Additionally, the Trust Agreement provides that interest accrues on the delinquent contributions at ten percent (10%) per annum calculated from the day contributions are considered delinquent. *Id.* ¶ 7. The Trust Agreement further provides that Defendant must reimburse Plaintiffs for attorneys' fees and audit fees. *Id.* ¶ 8. Plaintiffs seek the entry of judgment with the following money damages.

| | |
|---|---|
| Contributions Paid Late, with 20% Liquidated Damages on Total Contributions Reported and 10% Interest | $23,299.02 |
| 10% Liquidated Damages Assessed on Contributions Paid Late Prior to Filing of Complaint | $975.95 |
| 10% Interest Incurred on Contributions Paid Late Prior to Filing of Complaint | $368.48 |
| Attorneys' Fees (through 1/9/14) | $20,501.00 |
| Costs (through 1/9/14) | $1,596.40 |
| Additional attorneys' fees estimated in connection with preparation and filing of the instant motion | $1,060.00 |
| Total | $47,800.85 |

*Id.* ¶ 11.

The $23,299.02 subtotal for contributions paid late, with 20% liquidated damages and 10% interest assessed, are identified in a chart located in paragraph 11 of the Hayner Declaration, and are further broken out by running totals per month between April 2012 and November 2013. *Id.*

2

1   However, the Court is unable to verify that the figures described in paragraph 11 of the Hayner Declaration are accurate and or that they accurately calculate liquidated damages and interest pursuant to the terms of the collective bargaining agreement.  For example, the figure listed in the May 2012 row reflects 10% interest (through 12/25/13) of $207.68, but it is unclear to what amount that interest refers.  Similarly, it is unclear, for example, what the relationship is between the $1,925.10 Total Contributions Reported figure and the Contributions Balance figure of $1,613.25 in July 2012.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Plaintiffs shall, no later than **February 19, 2014**, file and serve a supplemental declaration: explaining in detail, with illustrative examples how they calculated the figures in the "Liquidated Damages," "Interest" and "Contributions Balance" rows of the chart in paragraph 11 of the Hayner Declaration; how these figures interact with each other, along with examples; and identifying the starting contribution balance and any debits and credits to the balance made over time such that the Court can conclude that the proffered indebtedness has been accurately calculated.  Alternatively, Plaintiffs may submit an entirely new exhibit establishing damages, provided that Plaintiffs also include an explanation of how those damages were calculated in accordance with the instructions above.  The Court must be able to verify that the amounts owed are accurate.

Plaintiffs' unopposed motion for default judgment is currently set for hearing on February 24, 2014.  Plaintiffs have requested the Court vacate the hearing.  The Court shall reserve ruling on the motion to vacate pending Plaintiffs' submission of the supplemental declaration.  Should the supplemental declaration adequately address the Court's concerns, the Court will vacate the hearing.  Until that time, the hearing remains on calendar.

**IT IS SO ORDERED.**

Dated:   02/12/14

_____
THELTON E. HENDERSON
United States District Judge